UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 09-22795-CV-LENARD/TURNOFF

IAN COOLEY,

      Plaintiff,

vs.

OFFICER DEBORAH DOTY, individually;
UNKNOWN FEMALE OFFICER, individually;
UNKNOWN MALE OFFICER #1, individually;
UNKNOWN MALE OFFICER #2, individually;
and CITY OF MIAMI BEACH, et al.,

      Defendants.

_____/

## REPORT AND RECOMMENDATION

**THIS CAUSE** is before the Court on Defendants' City of Miami Beach ("City") and Officer

Deborah Doty's ("Doty") Motion to Dismiss Amended Complaint **[D.E. 12]**, and an Order of

Referral entered by the Honorable Joan A. Lenard on February 3, 2010. **[D.E. 23]**. A hearing on

the Motion **[D.E. 12]** took place before the undersigned on Friday, March 12, 2010.

Upon review of the Motion **[D.E. 12]**, the Response **[D.E. 19 ]**, the Reply **[D.E.20]**, hearing

argument from counsel, and being otherwise duly advised in the premises, the undersigned makes

the following findings.

### Background

This is a § 1983 action filed by Plaintiff Ian Cooley ("Plaintiff") against the City of Miami

Beach and several of its police officers. **[D.E. 9]**. The Amended Complaint alleges, among other

things, violations of the Fourth and Fourteenth Amendment, excessive use of force, false

imprisonment, and battery. The initial Complaint was filed on September 17, 2009. **[D.E. 1]**. The

Amended Complaint was filed on November 18, 2009. **[D.E. 9]**.

### *Traffic Stop*

The factual allegations in the Amended Complaint are as follows.  Plaintiff is an environmental biologist who had recently returned to Florida after participating in a research study abroad. Am. Compl. **[D.E. 9]** ¶ 12.  Plaintiff was driving his vehicle near a school zone in the area of the 300 block of Alton Road in Miami Beach, Florida on September 17, 2007.  His girlfriend was a passenger in the car. Id. ¶ 14.  Defendant Officer Deborah Doty (" Doty") initiated a traffic stop of Plaintiff for speeding in a school zone. Id. ¶16.  She asked him for his driver's license  and registration. Id. ¶ 18.  Plaintiff provided the officer with his driver's license, but was unable to locate the vehicle registration, because it was packed with his luggage in the back of the vehicle due to his recent move. Id. ¶ 21.  Plaintiff offered to retrieve the registration from the back of the vehicle.  Id. ¶ 22.  Doty did not allow him to do so.  Id.  Plaintiff remained in his vehicle and asked why he was not allowed to retrieve his registration. Id. ¶  23.  Doty  did not answer him.  Id.  ¶ 24.  While Plaintiff was seated in his car, Doty reached through the van's open window and forcibly dragged Plaintiff out of the vehicle.  Id. ¶25.  Plaintiff never made any attempts to leave the scene and never attempted to physically touch Doty.  Id.  ¶ 27-29.

Doty hit Plaintiff several times in the head and forced him to the ground to handcuff him. Id.  ¶ 31.  Once the handcuffs were secured, she dragged Plaintiff several feet across the cement sidewalk and threw him against a fence. Id. ¶¶33 - 34.    Doty arrested Plaintiff on one count of battery on a police officer, resisting an officer with violence and one count of disorderly conduct. Id. ¶ 45.

2

### Police Station

Plaintiff was then transported to the police station without shoes and with a ripped shirt. Id. ¶ 47. Once at the station, he was taken to a room by two unknown male officers and one unknown female officer. The unknown male officer delivered a hard blow to Plaintiff's side near his rib cage. Id. ¶ 49. A third officer pinned Plaintiff on the table as another officer struck him on the head and screamed obscenities at him. Id. ¶¶ 49-50. Plaintiff did not resist at any time. Id. ¶ 58.

One of the unknown male officers began searching Plaintiff and continued to deliver blows to his head, neck, shoulders, back and sides. Id. ¶ 51. As Plaintiff was being walked to the holding cell, one of the unknown male officers approached him from behind and delivered an exceptionally hard blow with the flat of his hand to the side of Plaintiff's head. Id. ¶ 52. The blow was so hard that it knocked Plaintiff off of his feet and onto the ground. Id. ¶53. Plaintiff immediately lost all hearing in his right ear. Id. ¶ 54. Shortly thereafter, the male officer who delivered the blow joked that he "had really f***d that guy's ear up." Id. ¶ 55. Plaintiff did not resist during these repeated attacks and did not attempt to flee. Id. ¶ 56-57.

Plaintiff was not provided with any medical attention while at the police station. Id. ¶59. Upon his release, he was taken to Mt. Sinai Medical Center where he was told that his eardrum was completely ruptured. Id. ¶¶ 60 & 61.

### Investigation

A "pre-file" investigation was conducted by the Miami-Dade County State Attorney's Office to determine what charges, if any, should be filed. Id. ¶ 66. Plaintiff alleges that an assistant state attorney interviewed Doty and two (2) of seven (7) witnesses. Two (2) witnesses testified separately under oath that Plaintiff did not resist or batter Doty. Both confirmed Plaintiff's account of the

events. Id. ¶¶70-75.  One witness, Ms. Tolosa, testified that Plaintiff could not have resisted "even if he had wanted to." Id. ¶ 73.

Pursuant to its investigation, the State Attorney's Office determined that no probable cause existed to charge Plaintiff with any crime.  Therefore, no criminal charges were filed against him. Id. ¶¶76-7.  Doty was informed of this decision and "communicated to [the state attorney] her understanding of why charges would not be filed against Plaintiff." Id. ¶ 77.

## Standard of Review

Dismissals under Fed.R.Civ.P. 12(b)(6) are appropriate if it is demonstrated "beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief." Sosa v. Hames, 2007 WL 625726 (11th Cir. )(citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). In ruling on a motion to dismiss, the district court must accept the well pleaded facts as true and resolve them in the light most favorable to the plaintiff.  See St. Joseph's Hosp. Corp. of America, 795 F. 2d 948, 954 (11th Cir. 1986).

Along these same lines, Fed.R.Civ.P. 8 requires only a short and plain statement of the claim showing that the plaintiff is entitled to relief . See Brooks v. Blue Cross and Blue Shield of Florida, Inc., 116 F.3d 1364, 1368 (11th Cir. 1997).  "However, while Fed.R.Civ.P. 8 allows a plaintiff considerable leeway in framing its complaint, this circuit, along with others, has tightened the application of Rule 8 with respect to § 1983 cases in an effort to weed out non-meritorious claims, requiring that a § 1983 plaintiff allege with some specificity the facts which make out its claim." GJR Invs. v. County of Escambia, 132 F.3d 1359, 1367 (11th Cir. 1998). This heightened pleading standard applies to § 1983 claims against individuals.

## Analysis

Defendants seek dismissal of four (4) of the counts in Plaintiff's Amended Complaint.

As to Count I - §1983 Claim Against Doty - Violation of Fourth Amendment Right to be Free from the Excessive Use of Force, Doty contends that she is entitled to qualified immunity. As to Count V- False Arrest/False Imprisonment Against Doty and Count VII - Battery Against Doty, Doty argues that she is immune from state tort liability under Fla. Stat. § 768.28(9)(a). As to Count VI -Battery Against the City– the City argues that negligent battery is not a recognizable cause of action in Florida. **[D.E. 12]**.

Defendants also note that the City of Miami Beach Commission and the City Manager, Jorge Gonzalez, should be dismissed and/or stricken from the style, because no allegations have been made against either one of them in the Amended Complaint. To the extent that these parties remain in the style of the case, it is **RESPECTFULLY RECOMMENDED** that they be **STRICKEN** from same and **DISMISSED**, as there are currently no allegations made against them in the currently operative pleading.

Defendants' substantive attacks on the Amended Complaint shall be addressed in turn.

## Count I - Excessive Use of Force Against Doty

As noted above, Doty argues that the doctrine of qualified immunity shields her as to Count I which alleges excessive use of force under § 1983.

Qualified immunity, says Defendant, means immunity from suit, and is not merely a defense to liability. **[D.E. 12]**. Defendant further argues that where the defense of qualified immunity is properly raised, it is appropriate for the district court to dismiss the case even at the motion to

5

dismiss stage. Defendant argues that this is because the determination of whether an officer is entitled to qualified immunity is one of law to be made by the court. See Chaney v. City of Orlando, 2008 WL 3906838, *5 (11th Cir.).

Generally speaking, once an officer has raised the defense of qualified immunity, the burden of persuasion on that issue is on the Plaintiff. Suissa v. Fulton County, 74 F. 3d 266, 269 (11th Cir. 1996). Qualified immunity involves a two step inquiry. First, the court must ask the threshold question of whether the facts alleged, taken in the light most favorable to plaintiff, shows that the government official's conduct violated a constitutional right. See Saucier v. Katz, 533 U.S. 194, 2001 (2001). If the complaint alleges the violation of a constitutional right, the court must determine whether that right was clearly established at the time of the violation. Id. The Supreme Court recently revisited Saucier's mandatory two-step inquiry and determined that "[t]he judges of the district courts and the court of appeal should be permitted to exercise their sound discretion in determining which of the two prongs of the qualified immunity analysis should be addressed first." See Pearson v. Callahan, _____ U.S. _____, 121 S. Ct. 808, 816 (2009).

Here, Defendant argues that Plaintiff has failed to meet his burden as to both prongs. The undersigned disagrees.

In excessive force cases, the issue of whether a constitutional violation occurred is governed by the Fourth Amendment's "objective reasonableness" standard. See Graham v. O'Connor, 490 U.S. 386, 389 (1989). A genuine excessive force claim relates to the manner in which an arrest was carried out, independent of whether the officer had the power to arrest. See Hadley v. Gutierrez, 26 F. 3d 1324 (11th Cir. 2008)(citing Bashir v. Rockdale County, Ga., 445 F. 3d 1323, 1332 (11th Cir. 2006)).

6

The question to be decided is whether the officer's actions are objectionably reasonable in light of the facts confronting the officer, regardless of the officer's underlying intent or motivation. Graham, 490 U.S. at 386.   Typically, Courts look at:  (1) the need for the application of force, (2) the relationship between the need and the amount of force used, (3) the extent of the injury inflicted, and (4) whether the force was applied in good faith or maliciously and sadistically.  Slicker v. Jackson, 215 F. 3d 1225 (11th Cir. 2000).

Viewing the facts in the light most favorable to Plaintiff, it appears that for purposes of this motion, he has plead sufficiently. See  Lee v. Ferraro, 284 F. 3d 1188 (11th Cir. 2002) (finding excessive force when officer slammed Plaintiff's head onto the hood of his car while Plaintiff was handcuffed and not posing a threat); see also, Slicker, 215 F. 3d at 1233 (excessive force was found where officer kicked a handcuffed and non-resisting defendant in the ribs and beat his head on the ground).

Here, Plaintiff makes very specific allegations as to the violation of his Fourth Amendment rights. Compl. **[D.E. 9]** ¶¶78-62.  Plaintiff was simply pulled over for speeding in the middle of the day.  Id. ¶¶ 15,  79. As noted *supra*, while Plaintiff was seated in his car, Doty reached through the van's open window and forcibly dragged him out of the vehicle.  Id. ¶25.  Plaintiff never made any attempts to leave the scene and never attempted to physically touch the officer.  Id. ¶¶ 27-29.  Doty hit Plaintiff several times in the head and forced him to the ground to handcuff him.  Id. ¶ 31.  Once the handcuffs were secured, she dragged Plaintiff several feet across the cement sidewalk and threw him against a fence. Id. ¶¶33 - 34.  She then held him in a choke hold, pushed his face to the cement, and kicked him as he lay on the ground.  Id. ¶ 36.

Plaintiff never resisted.   In fact, the Amended Complaint is replete with allegations that

7

suggest that Plaintiff did not touch, threaten, resist or attempt to flee from Doty.  Plaintiff likewise did not even speak loudly or curse at any time.  See e.g., ¶¶ 27-41, 44.

In  this connection, the Eleventh Circuit instructs us  that ". . . gratuitous use of force when a criminal suspect is not resisting arrest constitutes excessive force." Hadley v. Gonzalez, 526 F. 3d 1324, 1330 (11th Cir. 2008).    On this basis, and taking as we must, the facts alleged as true, the undersigned finds that for purposes of the instant motion, Plaintiff has adequately  plead that a constitutional violation occurred.

Having determined that Plaintiff has sufficiently plead a constitutional violation, we turn to the second inquiry – whether the right to be free from excessive force was clearly established.

The relevant dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted.  Saucier v. Katz, 533 U.S. 194, 202 (2001)(citing Wilson v. Layne, 526 U.S. 603 (1999)).  In order "for a right to be 'clearly established,' previous case law must have developed it in a concrete factual context so as to make it obvious to a reasonable government actor that his actions violate federal law." Hadley, 526 F. 2d at 1333 (quoting GJR Invs., Inc. v. County of Escambia, Fla., 132 F. 3d. 1359, 1366 (11th Cir. 1998)).

In  Hadley,  the Eleventh Circuit reminds us that "a handcuffed, non-resisting defendant's right to be free from excessive force was clearly established in February 2002" by Lee v. Ferraro, 284 F. 3d 1188 (11th Cir. 2002).  See Hadley, 526 F. 2d at 1333.  In denying a defendant officer the qualified immunity defense,  the Court specifically stated,

> In Lee, 284 F. 3d 1188, we concluded that slamming a nonresisting criminal suspects' head onto [the hood] of a car constituted excessive force.  Along those same lines, we proclaimed in Skrich, 280 F. 3d at 1303, that "[b]y 1998, our precedent clearly established that

8

government officials may not use gratuitous force against a prisoner who has already been subdued. . . ." Applying "the excessive force standard would inevitably lead every officer . . . to conclude that the force" used here - punching a non-resisting criminal suspect for no apparent reason other than malice — is not protected by our constitution.

Hadley, 526 F. 2d at 1333.(quoting Priester v. City of Riviera Beach, Fla., 208 F.3d 919, 926-27(11th Cir. 2000)(quoting Post v. City of Ft. Lauderdale, 7 F. 3d 1552, 1559 (11th Cir. 1998)).

Applying the principles espoused by the Eleventh Circuit in Hadley and Lee to the facts alleged in the Amended Complaint, the undersigned finds that Plaintiff has met his initial burden of persuasion, and that the granting of qualified immunity at this stage of the case is not appropriate. Accordingly, the undersigned **RESPECTFULLY RECOMMENDS** that Defendant Doty's Motion to Dismiss Count I be **DENIED**.

### Count V- False Arrest/False Imprisonment Against Doty and Count VII - Battery Against Doty

As noted *supra*, Doty argues that she is immune from state tort liability under Fla. Stat. § 768.28(9)(a) as to Count V (False Arrest/False Imprisonment) and Count VII (Battery). Doty specifically argues that the veil of sovereign immunity is extended to specified governmental employees when they are acting in the course and scope of their employment, with the employing agency alone remaining liable up to the limits provided by the statute. That veil, says Defendant, is only lifted when the employee's acts fall outside the scope of employment, in which event sovereign immunity will shield the employing agency from liability. Here, Doty argues that Plaintiff has failed to plead with specificity and failed to use the required language or "magic words" that are necessary to lift the statutory protection. The undersigned agrees.

Fla. Stat. § 768.28 (9)(a) states in pertinent part,

(9)(a) No officer, employee, or agent of the state or of any of its subdivisions shall be held personally liable in tort or named as a party defendant in any action for any injury or damage

9

suffered as a result of any act, event, or omission of action in the scope of her or his employment or function, *unless* such officer, employee, or agent acted in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety or property.

. . .

The exclusive remedy for injury or damage suffered as a result of an act, event, or omission of an officer, employee, or agent of the state or any of its subdivisions or constitutional officers shall be by action against the governmental entity, or the head of such entity in her or his official capacity, or the constitutional officer of which the officer, employee, or agent is an employee, *unless* such act or omission was committed in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property. The state or its subdivisions shall not be liable in tort for the acts or omissions of an officer, employee, or agent committed while acting outside the course and scope of her or his employment or committed in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety or property.

Fla. Stat. § 768.28(9)(a). (emphasis added).

Plaintiff's allegations in Count V and Count VII fall short of the requisite language and level of intent noted above. Specifically, the counts in question make no reference to Doty having acted "outside the course and scope of her employment" or "in bad faith with malicious purpose" or "in a manner exhibiting wanton and wilful disregard for human rights, safety or property." Florida courts applying § 768.28(9)(a) typically dismiss similar claims on these same grounds. See e.g. Milanes v. City of Boca Raton, 2008 WL 3889580 *3 (S.D. Fla.)(dismissing negligence claim against officer where plaintiff failed to adequately plead the requisite level of intent as required by § 768.28(9)).

At the hearing, Defendant conceded that the defects in the pleading *may* be cured by way of the required language. Plaintiff did not disagree, and instead, indicated through counsel that he is amenable to modifying the factual allegations to include same.

Consistent with the above and foregoing, and without making any substantive findings as to

10

the allegations at issue, it is **RESPECTFULLY RECOMMENDED** that Counts V and VII be **DISMISSED** *without prejudice* and that Plaintiff be allowed to amend his allegations as to same.

### Count VI- Battery Against Defendant City of Miami Beach

As to Count VI, the City argues that the allegation of battery against it is not recognized under Florida law.   The allegations is Count VI state in pertinent part:

> This is a civil action by the Plaintiff Ian Cooley against the Defendant CITY through its employee, Officer Doty, who negligently caused harm to Plaintiff Cooley. The Plaintiff re-alleges and incorporates by reference Paragraphs 1-11, 21-44, 68-75 as if fully set forth herein. . .

Id. ¶¶139.

Count VI, as drafted, is unclear and does not flow logically.

Defendant correctly notes that in Florida if excessive force is used in an arrest, the ordinarily protected use of force by a police officer is transformed into common law battery.   See City of Miami v. Saunders, 672 So. 2d 46 (Fla. 3d DCA 1996)(citing Mazzilli v. Doud, 485 So. 2d 447 (Fla. 3d DCA)(Schwartz, C.J., specially concurring in part), *rev. dismissed*, 492 So. 2d 1333 (Fla. 1986)). Accordingly, it is not possible to have a cause of action for *negligent* use of excessive force.

In other words, a claim against an officer for the use of excessive force necessarily involves the intentional tort of battery, because, *inter alia*, there is no such thing as the negligent commission of an intentional tort.   See Lewis v. City of West Palm Beach, 2008 WL 763250 (M.D. Fla.)(negligent use of force claim is not cognizable); see also, City of Miami v. Saunders, 672 So. 2d 46, 47 (Fla. 3d DCA 1996), rev. denied, 682 So. 2d 494 (Fla. 1996).   Simply put, the requisite elements for intentional torts are of course, more stringent that those for simple negligence. Plaintiff cannot combine both.  For present purposes – it's one or the other.

In light of the Court's recommendation as to Counts V and VII, it is likewise **RESPECTFULLY RECOMMENDED** that Count VI be **DISMISSED** *without prejudice*, and that Plaintiff be allowed to amend and clarify the issues raised by Defendant in its pleadings, as well as those raised in open Court.

Pursuant to Local Magistrate Rule 4 (b), the parties have fourteen (14) days from service of this Report and Recommendation to serve and file written objections, if any, with the Honorable Joan A. Lenard, United States District Court Judge. Failure to file timely objections shall bar the parties from attacking on appeal the factual findings contained herein. Loconte v. Dugger, 847 F. 2d 745 (11th Cir. 1998); cert. denied, 488 U.S. 958 (1988); RTC v. Hallmark Builders, Inc., 996 F. 2d 1144, 1149 (11th Cir. 1993).

**RESPECTFULLY RECOMMENDED** in Chambers at Miami, Florida on this 25th day of March 2010.

**WILLIAM C. TURNOFF**
**UNITED STATES MAGISTRATE JUDGE**

cc:   Hon. Joan A. Lenard
      Counsel of Record

12